**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01112-REB-KLM

THE REPUBLIC OF ECUADOR, and
DR. DIEGO GARCIA CARRION, the Attorney General of The Republic of Ecuador,

      Petitioners,

v.

STRATUS CONSULTING, INC., and Related Individuals, for Use in a Foreign
Proceeding,

      Respondent.

_____

**ORDER**
_____

**Blackburn, J.**

      This matter is before the Court on the following: (1) **Republic of Ecuador and
Dr. Diego García Carrión's Application for the Issuance of Subpoenas Under 28
U.S.C. § 1782(a) to Stratus Consulting, Inc. and Related Individuals for the Taking
of a Deposition and the Production of Documents for Use in a Foreign Proceeding**
("the Application") [#1][1] filed April 25, 2013;  (2) **Applicant's Motion for Expedited
Briefing and Consideration of Application for Discovery**  (the "Motion") [#6] filed
April 25, 2013; and (3) **Chevron Corporation's Unopposed Motion for Leave to
Intervene in the 28 U.S.C. § 1782 Action Initiated By the Republic of Ecuador and
Dr. Diego García Carrión** (the "Motion To Intervene") [#20] filed May 24, 2013.  On
April 26, 2013, the applicant filed an amended application [#7] ("Amended Application"),

_____

[1]    "[#1]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

which amended only the caption of the Application.  Otherwise, the Applicant requests the same relief in the Amended Application.  The Amended Application [#7] now is the operative pleading.

Respondent Ann Maest, PhD. filed a **Response to the Motion** [#12] on May 17, 2013.  Respondents Stratus Consulting, Inc., David J. Chapman, Jennifer M. H. Peers, and David M. Mills (the "Stratus Respondents") filed a **Response to the Motion** [#15] on May 17, 2013.  Respondent Douglas Beltman filed a **Response to the Motion** [#16] on May 17, 2013.  Applicant filed a **Reply** [#19] regarding the Motion on May 23, 2013.

As a preliminary matter, the case was referred [#8] to United States Magistrate Judge Kristen L. Mix for non-dispositive motions.  On further review and in consideration of the time constraints asserted in the pleadings, and after consultation with the magistrate judge, the order [#8] referring this case to the magistrate judge respectfully is withdrawn.

The Court has reviewed the pleadings, the case file, the applicable law, and is fully advised in the premises.  For the reasons set forth below, the Application is granted in part, the Motion is denied, and the Motion To Intervene is denied without prejudice.

## I.  The Application

The applicant seeks leave to serve subpoenas on the respondents for the production of documents and deposition testimony for use in a foreign proceeding, pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure.  The applicant also seeks an order requiring the respondents to produce documents within fourteen days of service of the subpoenas and to give depositions no later than August 7, 2013. [#1] at Exh. 1.  Respondent Dr. Maest "does not intend to contest the 1782 Application." [#12] at 2.  The Stratus Respondents "do not object to

giving certain documentary and testimonial discovery to the Republic through the issuance of subpoenas in this proceeding." [#15] at 2.  Respondent Mr. Beltman indicates no objection to issuance of the subpoenas, but reserves his right to file "motions to quash or modify the subpoenas once they have been served." [#16] at 1-2.

28 U.S.C. § 1782 provides that a district court may order a person found or residing within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal."  The statute further requires that the order may be made "upon the application of any interested person." Here, the Republic of Ecuador has established  adequately that the respondents reside or are found within the District of Colorado, the requested discovery is sought for use in a Bilateral Investment Treaty arbitration under the rules of the U.N. Commission on International Trade Law, and  the Republic of Ecuador is an interested person in that proceeding.

The Supreme Court of the United States has enumerated four factors that district courts should consider in exercising their discretion under section 1782(a): (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 254-56 (2004).  Based on the pleadings, these factors weigh in favor of granting the Republic of Ecuador's request.  The respondents are not parties to the foreign proceeding.  The BIT tribunals historically have been receptive to federal-court assistance under section 1782. *See* [#3] at Exh.1, p. 7.  The Republic of Ecuador's discovery requests do not attempt to circumvent foreign proof-gathering restrictions, as

they are a good-faith effort to obtain probative evidence.  Finally, the discovery

requested is not unduly burdensome, as it would be permitted under the Federal Rules

of Civil Procedure.

Accordingly, the Application is granted in part.  Thus, the subpoenas shall issue

forthwith.

## II.  The Motion

The Republic of Ecuador requests further that the court order an expedited

briefing schedule regarding the Application and set deadlines within which the

respondents must give depositions and produce documents responsive to the

subpoenas. [#6] at 2-3.  The Republic of Ecuador bases these requests on the schedule

of the arbitral tribunal, which set a deadline of September 20, 2013, for Ecuador's "last

written submission."  *Id.*   In response, Dr. Maest objects to the entry of an order that

would require her to produce documents immediately on service of a subpoena. [#12] at

2.  The Stratus Respondents object to any order that would deprive them of "the ability

to serve responses and objections [to the subpoenas], meet and confer with the

Republic, or move to quash or modify any subpoena." [#15] at 2-3.  Mr. Beltman

requests that the court "set a scheduling conference to establish a fair and reasonable

procedure in connection with the Application." [#16] at 2.  In its reply, the Republic

"encourages informal discussion among counsel" regarding the timing of production of

the subpoenaed documents, and, in the alternative, requests that the court set a

scheduling conference "as soon as possible to resolve any pending issues." [#19] at 1,

4.

The briefing schedule proposed by the Republic in the Motion is  moot, in that

more than seventeen days have already passed since the filing of the Application.

Because the parties are in the best position to negotiate a reasonable schedule for providing the depositions and documents sought here, the Court will allow them an opportunity to do so.  If they are unable to do so, the Court will enter an appropriate Scheduling Order as set forth below.  Accordingly, the Motion is denied without prejudice.

### III.  The Motion to Intervene

Chevron Corporation seeks to intervene in this action under Fed. R. Civ. P. 24. Chevron represents that the Motion to Intervene is "unopposed," but the Motion contains no certificate or statement regarding conferral in contravention of D.C.COLO.LCivR 7.1A.  The absence of a statement regarding Chevron's "efforts to comply with [the] rule" is grounds for denial of the Motion.  Accordingly, the Motion to Intervene is denied without prejudice.

### IV.  Orders

**THEREFORE, IT IS ORDERED** as follows:

1.  That after consultation with the magistrate judge, the order [#8] referring this case to the magistrate judge respectfully is **WITHDRAWN** as to the Application [#1], the Motion [#6], the Motion To Intervene [#20], and the Amended Application [#7];

2.  That the **Republic of Ecuador and Dr. Diego García Carrión's Application for the Issuance of Subpoenas Under 28 U.S.C. § 1782(a) to Stratus Consulting, Inc. and Related Individuals for the Taking of a Deposition and the Production of Documents for Use in a Foreign Proceeding** ("the Application") [#1] filed April 25, 2013, is **DENIED** as moot because it has been replaced by the Amended Application [#7];

3.  That the **Amended Application of the Republic of Ecuador and Dr. Diego**

García Carrión, the Attorney General of the Republic of Ecuador, for the Issuance of Subpoenas under 28 U.S.C. § 1782(a) To Stratus Consulting, Inc. and Related Individuals for the Taking of a Deposition and the Production of Documents for Use In a Foreign Proceeding** [#7] filed April 26, 2013, is **GRANTED IN PART**;

4.   That the subpoenas sought in the Amended Application [#7] **SHALL ISSUE** forthwith;

5.   That the **Applicant's Motion for Expedited Briefing and Consideration of Application for Discovery**  (the "Motion") [#6] filed April 25, 2013, is **DENIED**;

6.   That **Chevron Corporation's Unopposed Motion for Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated By the Republic of Ecuador and Dr. Diego García Carrión** (the "Motion To Intervene") [#20] filed May 24, 2013, is **DENIED** without prejudice;

7.   That the parties **SHALL MEET** and **CONFER** as soon as practicable to prepare a proposed Scheduling Order, which shall include the following:

A.   A deadline for filing objections and/or Motions to Quash the subpoenas;

B.   A deadline or deadlines for production of the documents sought in the subpoenas;

C.   A deadline for designation of a Rule 30(b)(6) deponent on behalf of Respondent Stratus Consulting, Inc.; and

D.   A deadline or deadlines for completion of the depositions sought in the subpoenas;

8.   That a joint proposed Scheduling Order **SHALL BE FILED** with the Court on or before **June 7, 2013**; and

9.   That if the parties are unable to agree on a proposed Scheduling Order, counsel **SHALL APPEAR** <u>in</u> <u>person</u> for a **Scheduling Conference on June 10, 2013,**

**at 3:30 p.m.** (MDT) before Magistrate Judge Kristen L. Mix in Courtroom C-204 of the

Byron Rogers United States Courthouse, 1929 Stout St., Denver, Colorado.

Dated May 29, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge