**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-01112-REB-KLM

In re Application of:

The REPUBLIC OF ECUADOR and
DR. DIEGO GARCÍA CARRIÓN, the Attorney
General Of The Republic of Ecuador,

     Applicants,

For the Issuance of a Subpoena Under 28
U.S.C. § 1782(a) for the Taking of a
Deposition of and the Production of
Documents by
STRATUS CONSULTING, INC.,
DOUGLAS BELTMAN,
ANN S. MAEST,
DAVID J. CHAPMAN,
JENNIFER M.H. PEERS, and
DAVID M. MILLS,
for Use in a Foreign Proceeding,

     Respondents.

## ORDER DENYING MOTION TO INTERVENE

**Blackburn, J.**

     This matter is before the court *sua sponte*. On May 29, 2013, I entered an order [#23][1] denying without prejudice **Chevron Corporation's Unopposed Motion for Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated by the Republic of Ecuador And Dr. Diego García Carrión** [#20] filed May 24, 2013. I denied the motion based on my conclusion that the motion does not include a statement showing that the

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

moving party complied with D.C.COLO.LCivR 7.1A. *See* order [#23] at 5 and 6, ¶ 6.

After my May 29, 2013, order entered, counsel for the proposed intervenor, Chevron Corporation, called the court to note that a certificate of compliance with D.C.COLO.LCivR 7.1A., was included in the motion on the page following the signature page. In light of the fact that Chevron demonstrated its compliance with D.C.COLO.LCivR 7.1A. in its motion to intervene, I will vacate that portion of my earlier order [#23] to the extent it denied the motion to intervene [#20] without prejudice for failure to certify compliance with D.C.COLO.LCivR 7.1A.

Generally, the motion to intervene [#20] appears to have validity. I note, however, that Chevron Corporation has not complied with a key requirement of FED. R. CIV. P. 24, the rule under which Chevron claims entitlement to intervene in this case. Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The motion to intervene is not accompanied by such a pleading.

**THEREFORE, IT IS ORDERED** as follows:

1. That my **Order** [#23] filed May 29, 2013, at 6, ¶ 6, is **VACATED** to the extent it denies **Chevron Corporation's Unopposed Motion for Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated by the Republic of Ecuador And Dr. Diego García Carrión** [#20] filed May 24, 2013, for failure to certify compliance with D.C.COLO.LCivR 7.1A.;

2. That **Chevron Corporation's Unopposed Motion for Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated by the Republic of Ecuador And Dr. Diego**

**García Carrión** [#20] filed May 24, 2013, is **DENIED** without prejudice for failure to comply with the requirements of FED. R. CIV. P. 24(c).

Dated June 5, 2013, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge