**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-01112-REB-KLM

In re Application of:

The REPUBLIC OF ECUADOR and
DR. DIEGO GARCÍA CARRIÓN, the Attorney
General Of The Republic of Ecuador,

    Applicants,

v.

For the Issuance of a Subpoena Under 28
U.S.C. § 1782(a) for the Taking of a
Deposition of and the Production of
Documents by
STRATUS CONSULTING, INC.,
DOUGLAS BELTMAN,
ANN S. MAEST,
DAVID J. CHAPMAN,
JENNIFER M.H. PEERS, and
DAVID M. MILLS,
for Use in a Foreign Proceeding,

    Respondents, and

CHEVRON CORPORATION,

    Intervenor Respondent.

**ORDER GRANTING MOTION TO INTERVENE**

**Blackburn, J.**

    This matter is before me on **Chevron Corporation's Unopposed Motion for**

**Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated by the Republic of**

**Ecuador And Dr. Diego García Carrión** [#26][1] filed June 7, 2013.  The motion is unopposed.  I grant the motion.

The proposed subpoenas at issue in this case concern evidence the applicants seek to use in a foreign proceeding, *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23, a Bilateral Investment Treaty arbitration under the rules of the U.N. Commission on International Trade Law.  *Amended Application*, p. 2.  The treaty arbitration concerns, *inter alia*, Chevron's claim that it did not receive due process, under international law, in environmental litigation in Lago Agrio, Ecuador.  The subpoenas seek production of documents and testimony related to, among other topics, an agreement between Chevron and Stratus Consulting, Inc., a respondent in the above-captioned case.  The agreement between Chevron and Stratus documents the settlement of claims and cross-claims asserted in *Chevron Corp. v. Donziger et al.*, No. 11-cv-00691-LAK-JCF (S.D.N.Y.), litigation related to the other litigation cited above.  Douglas Beltman and Ann Maest, also respondents in this case, submitted statements explaining their role in the Lago Agrio litigation and the alleged efforts of the plaintiffs in that case to secure an unjust and corrupt judgment in the Lago Agrio Litigation.

Chevron argues that it has a distinct interest related to the discovery sought by the applicants in the above-captioned case and notes that it is a party to the foreign proceeding that forms the basis for the Application, *Chevron Corporation and Texaco*

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Petroleum Corporation v. The Republic of Ecuador***, cited above.  According to Chevron, no party to the present proceeding adequately can adequately represent Chevron's interests in this proceeding.  As required by FED. R. CIV. P. 24(c), Chevron has attached to its motion a proposed complaint in intervention.

"On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FED. R. CIV. P. 24(a)(2).  Here, Chevron claims and has demonstrated a significant interest in the transaction that is the subject of this action, that disposition of this action may impair or impede Chevron's ability to protect its interest, and that the existing parties are not in a position adequately to represent Chevron's interest.   On this basis, the motion to intervene is granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Chevron Corporation's Unopposed Motion for Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated by the Republic of Ecuador And Dr. Diego García Carrión** [#26] filed June 7, 2013, is **GRANTED**;

2. That under FED. R. CIV. P. 24(a), Chevron Corporation **SHALL BE PERMITTED** to intervene as a respondent in this case;

3. That **Chevron Corporation's Complaint in Intervention Accompanying its Unopposed Motion for Leave to Intervene in the 28 U.S.C. § 1782 Action Initiated by the Republic of Ecuador and Dr. Diego García Carrión** [#26-1] **SHALL BE FILED**

under a separate docket number as Chevron's Corporation's pleading which sets out its claim or defense as an intervenor respondent; and

    4. That the caption of this case **SHALL BE AMENDED** to show Chevron Corporation as an intervenor respondent.

    Dated June 10, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge